72 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert HIRD, Defendant-Appellant.
 No. 95-10010.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided Dec. 12, 1995.
 
 Before NORRIS, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Hird appeals his conviction for introducing unapproved medical devices into interstate commerce, mail and wire fraud, and making false statements to a federal agency. Hird alleges that the district court abused its discretion by allowing the jury to hear testimony about: (1) the DeSouza memorandum; (2) eight of his prior misdemeanor convictions; (3) his 1987 bankruptcy petition; and (4) whether he had been fired by a previous employer. In addition, Hird argues that the government attempted to shift the burden of proof in its closing argument. We reject all of Hird's arguments and affirm the judgment.
 
 
 3
 The DeSouza memorandum was within the proper scope of cross examination. After Hird raised the issue of his alleged good faith belief that he did not need FDA approval for the direct test, it was appropriate for the government to ask if (and how) he had contemporaneously documented his belief.
 
 
 4
 The memorandum was relevant as a false exculpatory statement. Extrinsic evidence that Hird forged the memorandum was permissible because impeachment by prior misconduct was not the only theory of relevance. United States v. Chu, 5 F.3d 1244, 1249 (9th Cir.1993), cert. denied, 114 S.Ct. 1549 (1994).
 
 
 5
 The district court properly admitted Hird's eight misdemeanor convictions under Fed.R.Evid. 609(a)(2) because they involved dishonesty and knowingly false statements. In six of the convictions, Hird confessed to submitting reports stating that he had performed certain tests when, in fact he had not. [ER 63-71]. With respect to the other two convictions, Hird admitted to submitting reports stating that he had never received consumer complaints when, in fact, he had received such complaints. [ER 68-71]. Hence, all eight of the convictions resulted from Hird knowingly making false statements.
 
 
 6
 The district court did not err by allowing the prosecution to question Hird about his 1987 bankruptcy petition. Hird's financial condition was relevant to show motive. Moreover, the district court only allowed the government to bring up the bankruptcy petition after Hird claimed not to remember how much he earned in 1987. [ER 111].
 
 
 7
 Hird did not object at trial to the prosecutor's questions concerning whether Bio-Spec had fired him. Therefore, we review for plain error. United States v. Tarazon, 989 F.2d 1045, 1051 (9th Cir.), cert. denied, 114 S.Ct. 155 (1993). We find nothing to indicate that such an error occurred.
 
 
 8
 The government did not impermissibly shift the burden of proof by commenting on Hird's failure to call Dr. Smith as a witness. A prosecutor may comment on a defendant's failure to call a witness as long as he does not violate the defendant's Fifth Amendment rights by commenting on the defendant's failure to testify. United States v. Williams, 990 F.2d 507, 510 (9th Cir.1993), cert. denied, 114 S.Ct. 333 (1994). Here, Hird's Fifth Amendment rights were not implicated because he chose to testify in his own defense.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3